UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LANEY DeANDA, on behalf of herself and all others similarly situated,<br><br>　　Plaintiff,<br><br>vs.<br><br>SOUTHGATE REIKI LLC d/b/a TROPICAL TOUCH SOUTHGATE,<br><br>　　and<br><br>LATOCA RELAXATION CENTER, LLC d/b/a TROPICAL TOUCH STERLING,<br><br>　　and<br><br>TROPICAL TOUCH MT. CLEMENS, LLC,<br><br>　　and<br><br>JAMES DEON LEE,<br><br>　　　Defendants. | CASE NO. 2:23-CV-10668<br><br>JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

　　Now comes Plaintiff Laney DeAnda, by and through undersigned counsel, and for her Complaint against Defendants Southgate Reiki LLC d/b/a Tropical Touch Southgate ("Defendant Tropical Touch Southgate"), Latoca Relaxation

Center, LLC d/b/a Tropical Touch Sterling ("Defendant Tropical Touch Sterling"), Tropical Touch Mt. Clemens, LLC ("Defendant Tropical Touch Mt. Clemens"), and James Deon Lee ("Defendant Lee") states and alleges the following:

## INTRODUCTION

1. Plaintiff institutes this "collective action" because of Defendants' practices and policies of not paying its non-exempt employees, including Plaintiff and other similarly-situated employees, for all hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has personal jurisdiction over Defendants because its principal place of business is in Michigan.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business throughout this District and Division, and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all relevant times, Plaintiff was a citizen of the United States and a resident of Wayne County, Michigan.

6. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

7. At all relevant times, Defendant Tropical Touch Southgate, Defendant Tropical Touch Sterling, and Defendant Tropical Touch Mt. Clemens were corporations organized under the laws of the State of Michigan.

8. At all relevant times, Defendant Tropical Touch Southgate's principal place of business was in Wayne County, Michigan.

9. At all relevant times, Defendant Tropical Touch Sterling's principal place of business was in Oakland County, Michigan.

10. At all relevant times, Defendant Tropical Touch Mt. Clemens's principal place of business was in Macomb County, Michigan.

11. Upon information and belief, at all relevant times, Defendant Lee was a resident of Oakland County, Michigan.

12. At all relevant times, Defendants were employers within the meaning of 29 U.S.C. § 203(d).

13. At times relevant herein, Defendants were enterprises within the meaning of 29 U.S.C. § 203(r).

14. At all relevant times, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

15. At all relevant times, Defendants Lee had control over Defendants Tropical Touch Southgate's, Defendants Tropical Touch Sterling's, and Defendants Tropical Touch Mt. Clemens's day-to-day business operations and had authority to, among other things, hire and fire employees, direct and supervise employees' work, sign on each of the other Defendants' checking accounts including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures.

16. At all relevant times, Defendants performed related activities through unified operation and common control for a common business purpose, and thus operated as a single enterprise within the meaning of 29 U.S.C. § 203(r)(1).

17. At all relevant times, Defendants were joint employers within the meaning of 29 U.S.C. § 207 and 29 C.F.R. § 791.2.

18. At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

19. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

20. Defendants operate spas in Michigan.

21. Between approximately November 2022 and February 2023,

Defendants employed Plaintiff as a spa therapist at its Sterling Heights, Michigan and Southgate, Michigan facilities.

22. At all relevant times, Defendants employed similarly-situated employees at its facilities throughout Michigan.

23. Plaintiff's duties, and the duties of other similarly situated employees, included, but were not limited to, performing massages on clients, setting up the facility for clients, corresponding with existing and/or potential clients via phone and social media, mopping, sweeping, dusting, and taking out trash.

24. Defendants paid Plaintiff and other similarly-situated employees on a commission basis.

25. Plaintiff and other similarly-situated employees frequently worked more than 40 hours per week.

26. Plaintiff and other similarly-situated employees' commissions were often less than one and one-half times the minimum wage.

**(Manipulating Commissions)**

27. Defendants' policy and practice of making unlawful, arbitrary deductions from commissions violated the FLSA.

28. However, throughout Plaintiff's employment, Defendants enforced a policy whereby it unlawfully reduced her and similarly-situated employees' pay for arbitrary "offenses" including but not limited to missing a client's phone call, failing

to respond to a phone or social media message, using "excessive" towels or sheets, and failing to take out the trash.

29. When Plaintiff and other similarly-situated employees would inquire about why their pay was reduced, Defendants provided generic responses that did not cite the "offense" for which their pay was reduced.

30. In most workweeks, after Defendants' deductions, the commissions that Plaintiff and other similarly-situated employees earned were less than one and one-half times the minimum wage for the hours they worked.

31. Defendants' actions resulted in Plaintiff and similarly-situated employees not receiving the applicable minimum wage under 29 U.S.C. §§ 207(a) and (i).

32. Defendants' actions resulted in Plaintiff and similarly-situated employees losing a substantial portion of their earned commissions, which resulted in them being denied payment of applicable minimum wages.

**(Failure to Pay Overtime Compensation)**

33. Plaintiff and other similarly-situated employees did not qualify for the FLSA's retail or service establishment exemption (see 29 U.S.C. 207(i)) and were not exempt from the FLSA's overtime requirements.

34. Defendants failed to properly compensate Plaintiff and similarly-situated employees at the rate of one and one-half times the lawfully required regular

rate for all weeks in which they worked overtime.

### (Failure to Keep Accurate Records)

35. Defendants failed to make, keep, and preserve records of the work that Plaintiff and other similarly-situated employees performed.

36. Recording Plaintiff's and other similarly-situated employees' unpaid work was not practically or administratively difficult for Defendants, as Defendants could have precisely recorded this work for payroll purposes by allowing Plaintiff and other similarly-situated employees to clock in and be paid for all hours worked.

### (Willful Violation of the FLSA)

37. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff brings Count One of this action individually pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be, adversely affected by Defendants' unlawful conduct.

39. The class that Plaintiff seeks to represent and for which Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is a member, is composed of and defined as follows:

> All of Defendants' former and current employees, between the last three (3) years and the present, whose job duties were substantially similar to Plaintiff's job duties.

40. Plaintiff is currently unable to state the exact size of the potential class, but upon information and belief, avers that it consists of at least 100 persons.

41. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

42. In addition to Plaintiff, numerous of Defendants' current and former employees are similarly situated with respect to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on their behalf and her own in bringing this action.

43. These similarly-situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt in, pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

### COUNT ONE
### (Fair Labor Standards Act Violations)

44. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

45. Defendants' practice and policy of not paying Plaintiff and other similarly-situated employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they

worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219 and 29 C.F.R. § 785.24.

46. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated the FLSA.

47. As a result of Defendants' practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court enter judgment in their favor and:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice to all class members that this litigation is pending and that they have the right to "opt in" to this litigation, pursuant to 29 U.S.C. § 216(b);

C. Award Plaintiff and the class liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

D. Award Plaintiff and the class actual damages for unpaid wages;

E. Award Plaintiff and the class pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class reasonable attorneys' fees, costs, and

disbursements; and

      G.     Award Plaintiff and the class such further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Anthony J. Lazzaro
Anthony J. Lazzaro (Michigan P86195)
Alanna Klein Fischer (Ohio 0090986)
Lori M. Griffin (Ohio 0085241)
Matthew S. Grimsley (Ohio 0092942)
The Lazzaro Law Firm, LLC
The Heritage Bldg., Suite 250
34555 Chagrin Boulevard
Moreland Hills, OH 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
alanna@lazzarolawfirm.com
lori@lazzarolawfirm.com
matthew@lazzarolawfirm.com

Plaintiff's Attorneys

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Anthony J. Lazzaro
One of Plaintiff's Attorneys